UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARIA AREVALO** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:19-cv-04589** |
| | § | **(JURY)** |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE** | § | |
| **COMPANY** | § | |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this Notice of Removal of the present action from the 157th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy.  In connection with this Notice of Removal, State Farm would respectfully show unto the Court as follows:

## I.
## INTRODUCTION

1.       This lawsuit began on or about October 15, 2019, when Plaintiff Maria Arevalo, filed her Original Petition in Cause No. 2019-75607 in the 157th Judicial District Court of Harris County, Texas, styled *Maria Arevalo v. State Farm Mutual Automobile Insurance Company*.  The suit arises from an automobile accident that occurred on May 8, 2018 in Harris County, Texas.  Plaintiff seeks to recover uninsured benefits from State Farm.

2.       State Farm was served with Plaintiff's Original Petition on October 23, 2019 and filed its Original Answer on November 15, 2019.

## II.
## GROUNDS FOR REMOVAL

A. **Complete Diversity of Citizenship Exists Between the Parties, and the Amount in Controversy Exceeds $75,000**

3.      Removal is proper because there is complete diversity of citizenship between the parties, and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

4.      Plaintiff is a resident and citizen of Texas.  State Farm was and is incorporated in, and a resident of, the State of Illinois.

5.      Plaintiff's Original Petition states she is seeking "monetary relief over $100,000 but not more than $200,000." (*See* Pl.'s Original Pet. at 1.) Thus, the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

B.      **Venue is Proper in This Division and in This District.**

6.      Plaintiff filed this action in Harris County, Texas.  The Houston Division of the Southern District of Texas encompasses Harris County, Texas.  *See id.* § 124(b)(2). Thus, this district and division embrace the place where the state court action is pending.  *See id*. § 1441(a).

## III.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

7.      State Farm was served on October 23, 2019.  This Notice of Removal is being filed on November 22, 2019.  Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received Plaintiff's Original Petition and within one year of the commencement of this suit. *See id.* § 1446(b).

8.      A copy of this Notice of Removal will be filed with the Harris County District Clerk's office and served on Plaintiff promptly. *See id.* § 1446(d); *see also Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005).

9.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81 of the Southern District of Texas, this Notice of Removal is accompanied by the following documents:

| | |
|---|---|
| Exhibit A: | An index of matters being filed; |
| Exhibit B: | The state court docket sheet, all executed process in the case, all pleadings asserting causes of action, all answers to such pleadings, and all orders signed by the state judge; |
| Exhibit C: | A list of all counsel of record, including addresses, telephone numbers, and parties represented. |

10.     The filing fee has been paid to the Clerk.

11.     The filing of this notice, along with the filing of the notice in the state court and service of the notice upon Plaintiff's counsel, serves immediately to confer exclusive jurisdiction of this cause upon this Court, and divests the state court of all jurisdiction over these proceedings and claims.

## IV.
## PRAYER

12.     State Farm prays that the above-styled action now pending in the 157th Judicial District Court of Harris County, Texas be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered that Plaintiff take nothing by his suit against State Farm, and for such other and further relief to which State Farm may be justly entitled.

13.     This Notice of Removal is filed subject to and without waiver of any defenses or objections to Plaintiff's Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

14.     A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

Respectfully submitted,

**GERMER PLLC**

By: _____

      **DALE M. "RETT" HOLIDY**
      Federal Bar No. 21382
      State Bar No. 00792937
      America Tower
      2929 Allen Parkway, Suite 2900
      Houston, Texas 77019
      (713) 650-1313 – Telephone
      (713) 739-7420 – Facsimile
      rholidy@germer.com

      **ATTORNEY FOR DEFENDANT,**
      **STATE FARM MUTUAL AUTOMOBILE**
      **INSURANCE COMPANY**

**OF COUNSEL:**

**GERMER PLLC**
Lauren N. Herrera
Federal Bar No. 3174150
State Bar No. 24092720
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
lherrera@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 22nd day of November 2019.

Michael S. Tilton                                          Via CM/ECF
John A. Caston
3730 Kirby Drive, Suite 1020
Houston, Texas 77098
jcaston@tiltonlawfirm.com

_____
**DALE M. "RETT" HOLIDY**

**INDEX OF DOCUMENTS FILED WITH REMOVAL ACTION**

**MARIA AREVALO v. STAT FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY**

(A)  Plaintiff's Original Petition

(B)  Citation

(C)  Answer for Defendant State Farm

(D)  State Court Case Summary/Docket Sheet

Exhibit A

10/15/2019 11:43 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37657479
By: Jason Delgado
Filed: 10/15/2019 11:43 AM

## 2019-75607 / Court: 157

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA AREVALO | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, MARIA AREVALO and files this Original Petition complaining of Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff would show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1    Plaintiff intends that discovery be conducted under Level 2 and affirmatively plead that she seeks monetary relief over $100,000 but not more than $200,000, at this time. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Plaintiff makes this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

### II.
### PARTIES

2.1    Plaintiff MARIA AREVALO is a resident of Harris County, Texas.

2.2    Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "Defendant") is a corporation registered to do business in the State of

# Exhibit B

Texas and can be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.3     Plaintiff specifically invokes the right to institute this suit against Defendant in any other name which has been used to designate it, or which it has used, including, but not limited to, "State Farm." Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

### III.
### JURISDICTION & VENUE

3.1     The subject matter in controversy is within the jurisdictional limits of this Court.

3.2     Venue of this lawsuit is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) et. al. in that the loss made the basis of this action occurred in Harris County, Texas, and the Plaintiff/policyholder resided in Harris County, Texas at the time of the loss.

### IV.
### FACTS

4.1     Pleading further, Plaintiff would respectfully show the Court that on or about May 8, 2018, Plaintiff was a motorist traveling on Interstate 610 in Harris County, Texas. Suddenly and unexpectedly, she was rear-ended by an uninsured motorist (hereinafter "Uninsured Driver"). As a result of Uninsured Driver's negligence, Plaintiff suffered injuries and damages.

4.2     Uninsured Driver had a duty to exercise the degree of care that a reasonably prudent person would. The occurrence made the basis of this suit, and the resulting injuries and damages were caused by the negligent conduct of Uninsured Driver including but not limited to

2

the following acts and omissions:

    (1)    In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

    (2)    In failing to take proper evasive action to avoid an impending collision, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

    (3)    In failing to properly control his vehicle's speed, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

    (4)    In failing to control the vehicle and properly apply the brakes, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

    (5)    In failing to maintain a safe follow distance, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

    (6)    In failing to make a safe turn or movement of a vehicle, in violation of TEX. TRANS. CODE § 545.103, which also constitutes negligence per se;

    (7)    In driving the vehicle in willful or wanton disregard for the safety of persons, in violation of TEX. TRANS. CODE § 545.401, which also constitutes negligence per se; and

    (8)    Other acts/omissions so deemed negligent.

    4.3    Each of these acts and/or omissions, singularly or in combination with others, constituted negligence and/or negligence as a matter of law, which proximately caused the accident, injuries and damages suffered by Plaintiff.

    4.4    Prior to and at the time of the collision, Plaintiff was protected against losses relating to bodily injuries resulting from the use, operation, maintenance, and/or ownership of an uninsured and/or under insured motor vehicle by a policy of insurance issued and/or sold by Defendant.

3

4.5     Once Plaintiff was able to confirm that Uninsured Motorist had no coverage, Plaintiff mailed a notice and an evaluation request to Defendant on June 7, 2019.

4.6     As of June 14, 2019, Defendant, in handling Plaintiff's claim, failed to effect a prompt, fair and equitable settlement of the claim in which liability had become reasonably clear, refused to pay or authorize payment or payment of Plaintiff's claim following an investigation based on all available information, and failed to commission a reasonable, unbiased and independent medical evaluation of the Plaintiff's injuries arising from the crash giving rise to this litigation.

## V.
### AGENCY, RESPONDEAT SUPERIOR, & CONCERT OF ACTION

5.1     At all times material hereto, all of the agents, servants, or employees of Defendant that were in any way connected to this suit were acting in the scope of their employment or official duties and in furtherance of the duties of their office or employment. Thus, Defendant are liable to Plaintiff for any negligent acts or omissions of its agents, servants, or employees under the Doctrine of *Respondeat Superior*.

5.2     Whenever it is alleged that Defendant did an act or thing, or omitted to do an act or thing, it is meant that Defendant committed such act or omission either directly or by and through its employees, agents, delegates, servants, managers, administrators, officers, or representatives.

5.3     Whenever it is alleged herein that an employee, agent, delegate, servant, manager, administrator, officer, or representative of a principal did an act or thing, or omitted to do an act or thing, it is meant that such conduct was performed in the course and scope of the applicable agency, employment, or representation of the principal.

4

## VI.
## BREACH OF CONTRACT

6.1     Although Plaintiff fully cooperated with Defendant, and despite the fact that all conditions precedent to recovery have occurred, Defendant have failed and refused to pay to Plaintiff the benefits due under the contracts of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

6.2     The conduct of Defendant constitutes a breach of contract in the following particulars:

a.      By failing and/or refusing to pay Plaintiff's claim promptly;

b.      By failing and/or refusing to evaluate Plaintiff's claim fairly; and

c.      By breaching the duty of good faith and fair dealing.

6.3     Each of these acts constitutes a breach of contract entitling Plaintiff to sue in an amount in excess of the minimum jurisdictional limits of this Court. All conditions precedent have been performed or have occurred.

6.4     Plaintiff is entitled to recover reasonable attorney's fees because this is a claim on a written contract within the meaning of Texas Civil Practice and Remedies Code Section 38.001.

## VII.
## BREACH OF DUTY OF GOOD FAITH & FAIR DEALING

7.1     Defendant breached its duty of good faith and fair dealing by failing to offer a reasonable settlement for Plaintiff's claim for uninsured motorist benefits on or between June 7, 2019 and the date of Plaintiff's Original Petition. Defendant owed the duty of good faith and fair dealing to Plaintiff and Plaintiff is entitled to recover damages proximately caused by Defendant' breach of their duty of good faith and fair dealing.

5

## VIII.
## INSURANCE CODE & DECEPTIVE TRADE PRACTICES VIOLATIONS

8.1     The failure to settle Plaintiff's Uninsured motorist claims on or between June 7,

2019 and the date of Plaintiff's Original Petition violates TEXAS INSURANCE CODE § 541.060, §

541.151, and § 542.003 regarding unfair competition, unfair practices, and the prompt payment

of claims. Additionally, by virtue of the foregoing, Defendant have violated TEXAS BUSINESS &

COMMERCE CODE § 17.46 (hereinafter referred to as the "DTPA"). Specifically, Defendant

violated TEXAS DECEPTIVE TRADE PRACTICES ACT § 17.46(B)(5, 7, 12, and 24). Therefore,

Plaintiff is entitled to treble damages pursuant to TEXAS DECEPTIVE TRADE PRACTICES ACT §

17.50(A)(4).

8.2     Plaintiff has complied with the mandate that a demand letter be sent to Defendant.

Plaintiff mailed a notice to Defendant on June 7, 2019. Plaintiff also submitted an evaluation

request on June 7, 2019. Included with this correspondence was all of Plaintiff's medical records,

billing records and additional information regarding the subject collision. Notwithstanding

Plaintiff's compliance, Defendant have refused to fairly compensate or evaluate Plaintiff's claim.

8.3     Plaintiff hired Tilton & Tilton, LLP to provide legal assistance in prosecuting this

action. Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 38.001 and TEXAS BUSINESS &

COMMERCE CODE §17.50(D), Plaintiff is entitled to recover reasonable attorney's fees in

prosecuting this action and in prosecuting any appeals from the judgment in this cause.

## IX.
## NEGLIGENCE & MISREPRESENTATION

9.1     Defendant, their agents, servants, officers, and employees, were negligent in the

following acts or omissions:

a.      Failing to properly acknowledge Plaintiff's claims;

6

b.  Failing to reasonably investigate Plaintiff's claims;

c.  Failing to reasonably evaluate Plaintiff's claims;

d.  Failing to promptly compensate Plaintiff; and

e.  Failing to make a reasonable settlement offer of Plaintiff's claims.

9.2     Defendant and its agents, servants, officers, and employees owed Plaintiff the duty of reasonable care in acknowledging, investigating, processing, and financially satisfying Plaintiff's claims under the subject Uninsured/uninsured motorist insurance policy. Defendant violated its duties and was negligent in the particulars set forth above.

9.3     Defendant knew or should have known that Plaintiff would rely upon Defendant' acts, omissions, and misrepresentations. Plaintiff did, in fact, reasonably rely on Defendant' acts, omissions, and misrepresentations when purchasing said insurance policy and presenting a claim under said insurance policy. Defendant knew and had reason to know that its acts, omissions, and misrepresentations would cause financial hardship, additional stress, and anxiety to Plaintiff. Through solicitation, Defendant made statements and representations about the quality of service and product Defendant provided. Said representations were relied upon and insurance based on was purchased as a result. In addition, Plaintiff presented claims to Defendant based on Defendant' statements and representations regarding the quality of Defendant' product and service. Upon the presentment of Plaintiff's claims, Defendant failed to produce the quality of service and product advertised, causing Plaintiff to be injured. Each of the above-mentioned acts, omissions, and misrepresentations was a proximate cause of the damages suffered by Plaintiff.

## X.
## VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE

10.1    The Texas Legislature enacted Chapter 541 of the Texas Insurance Code to regulate trade practices in the business of insurance by: (1) defining or providing for the

7

determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices. Further, the legislature made it clear that this Act "shall be liberally construed and applied to promote its underlying purposes as set forth in this section." Tex. Ins. C. §541.008.

10.2 Plaintiff would show that Defendant violated Chapter 541 of the Texas Insurance Code by engaging in an unfair and deceptive course of conduct which precluded Plaintiff from receiving a recovery for her uninsured motorist claim herein in a timely manner. Specifically, Plaintiff asserts that Defendant failed to provide Plaintiff with insurance coverage as required by the terms of the Policies.

10.3 Plaintiff further would show that Plaintiff made written demand to Defendant for the purpose of seeking settlement of these matters pursuant to Chapter 541 of the Texas Insurance Code. Despite numerous attempts to settle her claim, Plaintiff's uninsured motorist claim remains unresolved.

10.4 Plaintiff further would show that Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim in violation of Section 541.060(2).

10.5 Plaintiff further would show that Defendant failed to promptly give Plaintiff a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the Defendant' offer of a compromised settlement on Plaintiff's claim in violation of Section 541.060(3).

10.6 Plaintiff further would show that Defendant refused, failed, or unreasonably delayed an offer of settlement under the policy in question on the basis that a third party was responsible for the damages suffered by Plaintiff, in violation of Section 541.060(5).

8

10.7    Plaintiff further would show that Defendant refused to pay Plaintiff's claim without conducting a reasonable inspection in violation of Section 541.060(6).

10.8    Plaintiff further would show that Defendant failed to disclose the limits of the insuring agreement and provide a copy of the policy required by law to be disclosed in violation of Section 541.061(5) and Section 1952.055(c).

10.9    Plaintiff further would show the above described actions of Defendant were committed knowingly, thus entitling Plaintiff to treble damages as provided in the Texas Insurance Code.

## XI.
## VIOLATIONS OF CHAPTER 542 OF THE TEXAS INSURANCE CODE

11.1    In addition, the Texas Legislature enacted Chapter 542 of the Texas Insurance Code also known as the Unfair Claim Settlement Practices Act to prohibit insurance companies and their representatives from engaging in Unfair Claim Settlement Practices. The Act mandates that "No insurer doing business in this state under the authority, rules and regulations of this code shall engage in unfair claim settlement practices."

11.2    Plaintiff would show that Defendant failed to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy in violation of Section 542.003(b)(2).

11.3    Plaintiff further would show that Defendant did not attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear in violation of Section 542.003(b)(4).

11.4    Moreover, the Texas Legislature also enacted Chapter 542 of the Texas Insurance Code also known as the Prompt Payment of Claims Act. This Act imposes specific deadlines for claims handling procedures to ensure the prompt payment of claims. The legislature expressly

9

stated that this Act "shall be liberally construed to promote its underlying purpose which is to obtain prompt payment of claims made pursuant to policies of insurance."

11.5   Plaintiff would show that Defendant failed to timely acknowledge receipt of Plaintiff's claim and commence an investigation of the claim in violation of Section 542.055(a).

11.6   Plaintiff further would show that Defendant did not notify Plaintiff in writing of the acceptance or rejection of a claim not later than the fifteenth business day after the date Defendant receives all items, statements, and forms required in violation of Section 542.056(a).

11.7   Plaintiff further would show that, if Defendant were unable to accept or reject the claim within the fifteen day time period, Defendant did not notify Plaintiff of the reasons that Defendant needed additional time in violation of Section 542.056(d).

11.8   Plaintiff further would show that Defendant delayed payment of Plaintiff's claim in violation of Section 542.058.

11.9   If an insurer is not in compliance with Chapter 542, which Defendant is not, the insurer is liable to Plaintiff, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fee, to be taxed as costs. Tex. Ins. C. §542.060.

## XII.
### VIOLATIONS OF THE TEXAS PRACTICES AND CONSUMER PROTECTION ACT

12.1   Defendant are guilty of violations of the Texas Deceptive Trade Practices and Consumer Protection Act and the Texas Insurance Code. Defendant and their agents, employees, and representatives, have knowingly and intentionally engaged in false, misleading, or deceptive acts or practices including, but not limited to, representing that goods or services have characteristics or benefits which they do not have; and representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve or which are

10

prohibited by law.

12.2    Such violations of the Texas DTPA and Texas Insurance Code were committed knowingly, and as such, the Plaintiff is entitled to recover statutory "additional" damages.

## XIII.
### DAMAGES

13.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries. In the event Plaintiff was suffering from any pre-existing conditions, the Uninsured Driver's negligence greatly accelerated, exacerbated, and aggravated the condition.

13.2    Specifically, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries and to incur the following damages:

A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Mental anguish in the past;

F.    Mental anguish in the future;

G.    Loss of earning capacity in the past;

H.    Loss of earning capacity in the future;

I.    Disfigurement in the past;

J.    Disfigurement in the future;

K.    Physical impairment in the past; and

11

L.     Physical impairment in the future.

13.3   Plaintiff is entitled to all elements of damages recoverable under Texas law including, but not limited to, sums due and owing under the uninsured / under insured motorist provision of the insurance policy, mental anguish, attorney's fees, exemplary damages, costs of court, lawful pre-judgment interest, lawful post-judgment interest, medical care, lost earnings capacity, physical impairment, disfigurement, statutory damages pursuant to §542.003 (formerly Article 21.21) and §542.055 through §542.060 (formerly Article 21.55) of the Texas Insurance Code, and damages pursuant to the Texas Deceptive Trade Practice Act. Plaintiff also sues for declaratory relief. Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court.

## XIV.
## PETITION FOR DECLARATORY RELIEF

14.1   All allegations herein are incorporated by reference.

14.2   Pleading further, Plaintiff brings this action against GEICO for declaratory relief under the Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE §§ 37.001 *et seq.* ("UDJA"). Plaintiff requests that this Court establish by declaratory judgment:

A.     that Plaintiff is covered under the policy;

B.     that Plaintiff is entitled to uninsured motorist coverage under the policy;

C.     that Uninsured Driver is an uninsured driver under the policy;

D.     that Uninsured Driver's negligence proximately caused the collision;

E.     that Uninsured Driver's negligence proximately caused Plaintiff's damages, past and future, including all damages pleaded herein;

F.     that Plaintiff's damages are covered under the policy;

G.     that all applicable policy provisions have been or are being satisfied;

H.     the amount of the damages Plaintiff incurred as a result of the collision;

12

I.      the amount of prejudgment interest that Uninsured Driver would owe;

J.      the amount of uninsured motorist insurance benefits Defendant are obligated to tender under the policy to Plaintiff, representing damages incurred and prejudgment interest owed.

14.3    Pursuant to UDJA section 37.008, Plaintiff further prays for recovery of costs and

reasonable and necessary attorney fees as are equitable and just.

## XV.
### INTEREST

15.1    Plaintiff seeks prejudgment interest and post-judgment interest in the maximum

amounts allowed by law.

## XVI.
### RULE 193.7 NOTICE

16.1    Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiff intends to rely

upon the authenticity of any document a Defendant produces in discovery.

## XVII.
### JURY DEMAND

17.1    Plaintiff hereby requests a trial by jury.

## XVIII.
### REQUEST FOR DISCLOSURE

18.1    Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested

to disclose, within fifty (50) days of service of this request, the information or material described

in TEXAS RULE OF CIVIL PROCEDURE 194.2.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this citation issue and be

served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear

13

and answer, and that upon final hearing, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, actual and consequential damages allowed by law, exemplary damages, and all such other and further relief, to which he may show herself justly entitled.

Respectfully submitted,

**TILTON & TILTON, LLP**

*/s/ John A. Caston*

By: _____

Michael S. Tilton
State Bar No. 24056438
John A. Caston
State Bar No. 24087272
3730 Kirby Drive, Suite 1020
Houston, Texas 77098
Telephone: (713) 774-8600
Facsimile: (713) 222-2124
E-Mail: jcaston@tiltonlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

14

P-6

| RECEIPT NUMBER | 0.00 |
| TRACKING NUMBER | 73685895   CIV |

CAUSE NUMBER    201975607

PLAINTIFF: AREVALO, MARIA
vs.
DEFENDANT: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

In The 157th
Judicial District Court of
Harris County, Texas

### CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

**FILED**
Marilyn Burgess
District Clerk
11-07-19
NOV 07 2019
Time: 11:39 PM
Harris County, Texas
By E. Collins
Deputy

TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211  E 7TH STREET SUITE 620  AUSTIN TX  78701

Attached is a copy of   PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the _____15th_____ day of _____October_____ 20__19__, in the above cited cause number and court. The instrument attached describes the claim against you.

    **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**
    **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ____15th__ day of _____October_____, 20__19__.

Issued at request of:
CASTON, JOHN ADAM
3730  KIRBY DRIVE, SUITE 1020
HOUSTON, TX  77098
TEL: (713) 774-8600
Bar Number: 24087272

*(seal: DISTRICT COURT OF HARRIS COUNTY TEXAS)*

Marilyn Burgess

**MARILYN BURGESS, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O.Box 4651, Houston, Texas 77210**
**Generated by:** DELGADO, JASON MATTHEW
C6X//11357053

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____
                                                                              (STREET ADDRESS)                                    (CITY)

in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,

by delivering to _____, by delivering to its
                        (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____, in person, whose name is _____
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                                    (DESCRIPTION OF PETITION, E.G., "PLAINTIFFS ORIGINAL")

and with accompanying copies of _____.
                                            (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____

By: _____
                        (SIGNATURE OF OFFICER)

Printed Name: _____

_____
Affiant Other Than Officer

As Deputy for: _____
                                (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____

_____
Notary Public

N.INT.CITC.P                    *73685895*

# AFFIDAVIT ATTACHED

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

## AFFIDAVIT OF ALTERNATIVE SERVICE

**STATE OF TEXAS**
**COUNTY OF HARRIS**

I, the undersigned, individually, make the following representations to the Judge of the said court, to induce her/him to enter an order authorizing me to serve citations and/or other notices issued from his/her court or to confirm to the provisions of a blanket order pursuant to Rule 103 Texas Rules of Civil Procedure. All representations are true and correct to my personal knowledge.

1. I am not less than 18 years of age.
2. I am an individual residing the State of Texas.
3. I am not a party and will not be interested in the outcome of any case in which I request the Court to authorize service by myself.
4. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.
5. I have studied and am familiar with this the TEXAS RULE OF CIVIL PROCEDURE, VERNONS TEXAS CIVIL STATUES, CIVIL PRACTICE AND REMEDIES CODE and all applicable rules and statues relating to service of citation and/or notices.

Before me, the undersigned authority, personally appeared Khang Le, who swore under oath that the following facts are true and correct:

"My name is Khang Le. I am a private process server authorized by the Judicial Branch Certification Commission. I am an agent of Le Process. My business address 12955 West Willow Place #690028, Houston, Texas 77269.

1. Came to Hand October 18, 2019 at 8:00 AM – Plaintiff's Original Petition and Request for Disclosure. ***In Docket Number 2019-75607; Maria Arevalo, Plaintiff VS. State Farm Mutual Automobile Insurance Company, Defendant.***

2.      On October 21, 2019 at 11:17 AM, I mailed a **CERTIFIED MAIL RETURN RECEIPT REQUESTED** a true and correct copy of the above numbered citation to **State Farm Mutual Automobile Insurance by**

serving its **Registered Agent Corporation Service Company, 211 East 7ᵗʰ Street, Suite 620, Austin, Texas 78701.**

3.   The above documents were **DELIVERED on October 23, 2019 at 6:57 AM.**

4.   See attached certified mail receipt (form 3800), usps receipt, green card (form 3811), and USPS Tracking print out.

_____

Khang Le PSC# 0772
License Expires March 31, 2020

**SWORN TO AND SUBSCRIBED BE BEFORE ME,** the undersigned Notary Public.    On this _____ day of _____, 2019 to attest witness my hand and seal of office.

_____
NOTARY PUBLIC



Unofficial Copy Office of Marilyn Burgess District Clerk

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

AUSTIN   OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | |
| $ $3.50 | 0010 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ $0.00 | |
| ☐ Return Receipt (electronic) $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery $ $0.00 | Here |
| ☐ Adult Signature Required $ $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | |
| $ $1.75 | |
| Total Postage and Fees | |
| $ $8.05 | |

Sent To STATE FARM MUTUAL AUTOMOBILE INSURANCE –
Street and Apt. No., or PO Box No. 211 E. 7TH Street Suite 690
City, State, ZIP+4® AUSTIN, Texas 78701

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7017 2680 0000 4064 1221

```
================================
          HOUSTON
       1500 HADLEY ST
     HOUSTON, TX 77002-9998
        480180-0010
        (800)275-8777
     10/21/2019 11:17 AM
================================

Product              Qty   Unit    Price
                           Price

First-Class Mail®     1    $1.75   $1.75
Large Envelope
   (Domestic)
   (AUSTIN, TX  78701)
   (Weight:0 Lb 5.50 Oz)
   (Estimated Delivery Date)
   (Wednesday 10/23/2019)
Certified                          $3.50
   (USPS Certified Mail #)
   (70172680000040642201)
Return Receipt                     $2.80
   (USPS Return Receipt #)
   (9590940249399063155527)
-----------------------------------
Total                              $8.05
-----------------------------------

-----------------------------------
Debit Card Remit'd                 $8.05
   (Card Name:VISA)
   (Account #:XXXXXXXXXXXX4621)
   (Approval #)
   (Transaction #:551)
   (Receipt #:032845)
   (Debit Card Purchase:$8.05)
   (Cash Back:$0.00)
   (AID:A0000000980840       Chip)
   (AL:US DEBIT)
   (PIN:Verified)
-----------------------------------

Text your tracking number to 28777
(2USPS) to get the latest status
Standard Message and Data rates may
apply. You may also visit
```

2

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STATE FARM MUTUAL AUTOMOBILE INSURANCE
CORPORATION SERVICE COMPANY
211 E. 7TH STREET SUITE 620
AUSTIN, TEXAS 78701

9590 9402 4939 9063 1555 27

2. Article Number *(Transfer from service label)*

7017 2680 0000 4064 2201

PS Form **3811**, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Bill Nichols_
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
                                    10-23-19

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 4939 9063 1555 27

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**Le Process**
12955 West Willow Place #690028
Houston, Texas 77269

# USPS Tracking®

FAQs ›

**Track Another Package  +**

Get the free Informed Delivery® feature to receive
automated notifications on your packages

Learn More

(https://reg.usps.com/xsell?
app.xUspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro

**Tracking Number:** 70172680000040642201

Remove ✕

Your item was delivered at 6:57 am on October 23, 2019 in AUSTIN, TX 78760.

## ✓ **Delivered**

October 23, 2019 at 6:57 am
Delivered
AUSTIN, TX 78760

Get Updates ∨

---

Text & Email Updates                                                    ∨

---

Tracking History                                                        ∨

---

Product Information                                                     ∨

---

See Less ∧

# Can't find what you're looking for?

Unofficial Copy Office of Marilyn Burgess District Clerk

11/15/2019 4:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38548959
By: Iliana Perez
Filed: 11/15/2019 4:14 PM

CAUSE NO. 2019-75607

| | | |
|---|---|---|
| **MARIA AREVALO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE** | § | |
| **COMPANY** | § | **157TH JUDICIAL DISTRICT** |

<u>**DEFENDANT'S ORIGINAL ANSWER**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, (hereinafter referred to as "State Farm"), Defendant in the above-entitled and numbered cause, and files this Original Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions filed against it and would respectfully show the Court and Jury as follows:

**I.**

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in the Plaintiff's Original Petition, and demands strict proof thereof.

**II.**

Defendant would show that Plaintiff has failed to fulfill the conditions precedent for bringing an uninsured/underinsured motorist claim against Defendant. Specifically, Plaintiff has failed to establish that she is legally entitled to recover damages from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury sustained by her, caused by an accident.

**III.**

Pleading further, Defendant would show that it is entitled to all credits and offsets allowed under the policy against any damages awarded by the jury. Such credits and offsets include, but are ***not limited to***, all Personal Injury Protection (PIP) payments previously made by State Farm to Plaintiff. Defendant is also entitled to an offset in the amount of all of the alleged tortfeasor's liability limits.

**IV.**

Defendant would show that the alleged tortfeasor in this case are not uninsured or underinsured as defined by the policy.

**V.**

Defendant would show that Plaintiff's "extra-contractual" allegations are premature and without merit since no breach of the contract has occurred.

**VI.**

Defendant would show any claim for breach of contract is meritless; specifically, Defendant cannot be in breach of the contract because there has been no determine of (1) liability, and (2) that Plaintiff's damages exceed to tortfeasor's policy limits, and all other applicable offsets and credits.

**VII.**

Defendant asserts that Plaintiff is not entitled to attorney fees in this case as there has not yet been a showing of liability or damages entitling Plaintiff to recovery of uninsured/underinsured motorist benefits.

**VIII.**

Defendant asserts that Plaintiff is not entitled to pre-judgment interest or any other damages beyond the policy limits of uninsured/underinsured motorist coverage under the subject insurance contract.

**IX.**

Plaintiff's rights to recover medical expenses are limited by the provision of Texas Civil Practice and Remedies Code section 41.0105.  Plaintiff is only entitled to recover the amount paid or incurred by or on behalf of the Plaintiff.

**X.**

Defendant would show that Plaintiff's alleged injuries were the result of pre-existing conditions that were not caused or aggravated by the accident at issue.

**XI.**

Defendant reserves the right to amend this Original Answer pursuant to the said Rules of Civil Procedure.

**<u>JURY DEMAND</u>**

Defendant hereby demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Defendant be released and discharged of the charges filed against it; that Plaintiff takes nothing by reason of this suit; and for such other and further relief to which Defendant may be justly entitled and for which Defendant will forever pray.

Respectfully submitted,

**GERMER PLLC**

By: _Lauren Herrera_
                **DALE M. "RETT" HOLIDY**
                State Bar No. 00792937
                **LAUREN N. HERRERA**
                State Bar No. 24092720
                America Tower
                2929 Allen Parkway, Suite 2900
                Houston, Texas 77019
                (713) 650-1313 – Telephone
                (713) 739-7420 – Facsimile
                rholidy@germer.com
                lherrera@germer.com

                **ATTORNEYS FOR DEFENDANT,**
                **STATE FARM MUTUAL AUTOMOBILE**
                **INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 15 day of November, 2019.

Michael S. Tilton                                  **VIA E-FILE**
John A. Caston
3730 Kirby Drive, Suite 1020
Houston, Texas 77098
jcaston@tiltonlawfirm.com

_Lauren Herrera_
**LAUREN N. HERRERA**

Harris County Docket Sheet

# 2019-75607

**COURT:** 157th
**FILED DATE:** 10/15/2019
**CASE TYPE:** Motor Vehicle Accident



---

### AREVALO, MARIA

Attorney: CASTON, JOHN ADAM

**vs.**

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Attorney: HERRERA, LAUREN NOELLE

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

Unofficial Copy Office of Marilyn Burgess District Clerk

## LIST OF ATTORNEYS/PARTIES

## MARIA AREVALO V. STATE FARM MUTUAL
## AUTOMOBILE INSURANCE COMPANY

1.      Michael S. Tilton
        John A. Caston
        Tilton & Tilton, LLP
        3730 Kirby Drive, Suite 1020
        Houston, Texas 77098
        Telephone: (713) 774-8600
        Facsimile: (713) 222-2124
        jcaston@tiltonlawfirm.com

        *Attorneys for Plaintiff, Maria Arevalo*

2.      Dale M. "Rett" Holidy
        Lauren N. Herrera
        GERMER PLLC
        America Tower
        2929 Allen Parkway, Suite 2900
        Houston, Texas 77019
        (713) 650-1313 – Telephone
        (713) 739-7420 – Facsimile
        rholidy@germer.com
        lherrera@germer.com

        *Attorneys for Defendant, State Farm Mutual Automobile Insurance Company*

# Exhibit C